May 4th, 1810.
Bj?evard, J.,
delivered the opinion of the court. Stated the case concisely, as follows. Joseph Hays, having duly made his last will and testament, by which he appointed his wife Anna, and his daughter Nancy, his executrixes, died, leaving a son named John, and his said executrixes. Anna, and Nancy. By his will, he left the negroes in question to his wife for life, remainder over to his son John for life, and the ultimate remainder over to the children of John, to be equally divided. John died before his mother Anna, who qualified and acted as executrix under the will. As executrix, she sold and assigned over to Susannah, John’s widow, her own life estate in the negroes in question, in consideration of $20, to be paid to her annually, during her life. The same negroes are now claimed by the other executrix, Nancy, as personal assets administer!d of the estate of Joseph Hays. The defendants claim the same negroes as a legacy which has passed out of the hands of the executrix, Anna, duly qualified tb dispose thereof, and which cannot be reclaimed as assets.
It has not been contended, that the ulterior remainder to the children of John Hays is to be considered void, as too remota ; nor has it been objected that the death of John, in the lifetime of Anna, will deprive the children of John of the benefit intended them by the will. But the question which has been raised is, whether the legacy' intended for John’s children has passed to them from the executrix by a legal disposal, by the delivery of the negroes to Su-sannah, accompanied with the instrument above set forth; or whether, after Anna’s death, the same negroes may not legally be reclaimed as assets unadministered of the testator’s estate 1
*421 Executors are considered as trustees, in so far as concerns the estate of their testator, and the act of any one ex.ecutor is regarded as the act of all the executors, unless otherwise directed and restricted by the will. The legacy in question was a specific legacy ; and it was the duly of the executors to deliver it over to the legatee, who was first entitled to take it, within a reasonable time alter tiie testator’s death. If there was no deficiency of assels, the executor would have no excuse for withholding the legacy until an arrangement could be made for paying debts, and discharging lega-cíes, according to the rules of law ; which might be very necessary where there is a defect of assets. But in this case, it appears there was no want of assets, without having recourse to the specific legacies. This seems clear, from the conduct of the executor, Anna, who, it is presumed, would not have disposed of her legacy if the estate was not sufficient to dlscharge-both debts and legacies. The legacy being to herself, could make no difference. Her disposing of it, is a clear proof that she accepted of it. She had an election, either to keep the negroes as assets, until compelled to deliver them over, or to take them as a legacy under the will. She determined her election by disposing of them as a legacy. There can be no good legal distinction between the bequest to her during life, and the bequest of the remainder over to the children of her son John. The one is as much a legacy as the other. These legacies are joined together, and may be said to be insepara, ble ; so far inseparable, that if they passed out of the hands of the executrix, as a legacy to the first taker, it passed to all tile intents and purposes expressed, and intended by the bequest, and can never afterwards be reclaimed as assets. The assent of the executrix could not be recalled, and her assent bound her co.executrix. The property, on delivery to Susannah, vested the life estate of Anna in her, in possession ; and at the same time the remainder over, after Anna’s death, vested in interest in the children of John ; and Anna’s possession, in contemplation of law, was their possession, so as to entitle them, on the event of Anna’s death, to claim the same as property in possession. The possession, and right of possession, of the executrix, was totally divested, as executrix. If there existed any necessity for resorting to these negroes, as a fund for the payment of the testator’s debts, or for a satisfaction of other legacies, it must he presumed that the same-necessity existed when the executrix, Anna, disposed of her legacy. It would be extremely mischievous to allow executors to cut up, modify, and dispose of .legacies, according to their own fancy; to pay part, and withhold *422 part, according to their pleasure, or caprice. Suppose the legatee life, had received his legacy from the executrix, and had lived fifty years afterwards, would it be reasonable, after his death, to take ihe remainder as assets, and not suffer it to pass to the remain, der-rnan I The duty of the executor is, to administer the estate, and discharge debts as speedily as possible, to prevent the acr.umu. lation of interest. He cannot make the remainder over, liable as assets, and deliver over the life estate as a legacy.
Note. See L Saund. 273, new ed. by Serjt. Williams, note 5. Consent of executor necessary. Co. Litt. 1II. Legatees have no property in legacies until assent, although they have an interest. Sty. 55, 65. Plowd. 520. 1 Str. 70. Toller’s Law of Ex. 241, 2, 1 Vern. 94. 2 Ventr. 358. . Bac. Abr. Toller, 244. If an executor once consent, he cannot retract.
Motion granted.